**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBRA JOHNSON, an individual;
THOMAS JOHNSON, an individual,
Plaintiffs-Appellees,

v.

ROBERT DELAWDER, an individual;
GLENDA DELAWDER, an individual,

No. 97-1569

Defendants-Appellants,

and

UNIGLOBE/LYNDON TRAVEL,
INCORPORATED, a West Virginia
corporation,
Defendant.

DEBRA JOHNSON, an individual;
THOMAS JOHNSON, an individual,
Plaintiffs-Appellants,

v.

ROBERT DELAWDER, an individual;
GLENDA DELAWDER, an individual,

No. 97-1582

Defendants-Appellees,

and

UNIGLOBE/LYNDON TRAVEL,
INCORPORATED, a West Virginia
corporation,
Defendant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CA-95-990-3)

Argued: January 26, 1998

Decided: April 2, 1998

Before RUSSELL,* WIDENER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William David Levine, ST. CLAIR & LEVINE, Hunting-
ton, West Virginia, for Appellants. Benu Rellan, LAMP, O'DELL,
BARTRAM & ENTSMINGER, Huntington, West Virginia, for
Appellees. **ON BRIEF:** Kurt E. Entsminger, Sheryl A. Rucker,
LAMP, O'DELL, BARTRAM & ENTSMINGER, Huntington, West
Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

*Judge Russell heard oral argument in this case but died prior to the
time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C.A. § 46(d) (West 1993).

**OPINION**

PER CURIAM:

Robert and Glenda Delawder appeal an order of the district court denying in part their motion for judgment as a matter of law following a jury verdict in favor of Thomas and Debra Johnson on the Johnsons' claim of oppression by majority stockholders. The Johnsons cross appeal the portion of the order granting in part the motion for judgment as a matter of law. Finding no error, we affirm.

I.

Beginning in the early 1990s, the Delawders owned a two-thirds interest in a travel agency located in Huntington, West Virginia, called Uniglobe/Lyndon Travel, Inc. (Uniglobe). Glenda Delawder served as the manager of Uniglobe. In June 1994, the Johnsons purchased the remaining one-third interest. Each person served as a director of the company, and Robert Delawder and Debra Johnson were officers. The parties agreed that Debra Johnson, who had been trained as a travel agent, would work for Uniglobe and that neither Debra nor Glenda would receive a salary until the company was profitable.

Over time, the relationship between the parties deteriorated. In October 1995, the Delawders obtained a restraining order in state court that prohibited Debra Johnson from entering the premises of Uniglobe. At that time, the Delawders also changed the locks on the doors of the business and altered the computer passwords. Shortly thereafter, the Delawders voted their stock to reduce the number of directors to three, to remove Thomas Johnson as a director, and to remove Debra Johnson from her position as an officer of the company. The reconstituted board of directors then approved a resolution barring the Johnsons from the premises of Uniglobe except after business hours and with the advance approval of Glenda Delawder.

In June 1996, the Delawders closed the Uniglobe office in Huntington and opened another travel agency in Ashland, Kentucky. The new agency was owned solely by the Delawders, but employed the

3

same people and serviced many of the same clients. Uniglobe is currently in bankruptcy.

In November 1995, the Johnsons filed this diversity action in federal court, alleging, inter alia, a state-law claim for oppression by majority shareholders. After trial, a jury returned a verdict in favor of the Johnsons on the oppression claim and awarded damages of $26,000. The jury indicated that $15,876 of this award represented the value of Debra Johnson's services to Uniglobe; the remainder of the award compensated the Johnsons for other economic losses and for Debra Johnson's emotional distress.

The Delawders then moved for judgment as a matter of law, maintaining that the evidence was insufficient to support the verdict; that the evidence did not support an award of damages for the value of Debra Johnson's services; and that emotional distress damages were improper as a matter of West Virginia law. The district court concluded that the evidence was sufficient to support a finding of oppression and that emotional distress damages were appropriate under the law of West Virginia, but that the evidence did not support an award of damages for the value of Debra Johnson's services. Both parties appeal.

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Johnson v. Uniglobe/Lyndon Travel, Inc., No. 3:95-0990 (S.D. W. Va. Apr. 11, 1997).

AFFIRMED